COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Benton and Overton

TYSON FOODS, INC.

v.          Record No. 2301-94-3          MEMORANDUM OPINION[*] BY
                                          JUDGE NELSON T. OVERTON
ANGELA GLADWELL                              OCTOBER 31, 1995

                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

            (Thomas G. Bell, Jr; Timberlake, Smith, Thomas &
            Moses, on brief), for appellant.

            (Roger A. Ritchie; Roger Ritchie & Partners, P.L.C.,
            on brief), for appellee.


     The sole issue on this appeal is whether the Workers'

Compensation Commission erred in finding that Angela Gladwell's

bilateral carpal tunnel syndrome qualifies as a compensable

occupational disease within the meaning of "disease" under the

Workers' Compensation Act ("the Act").  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     Gladwell worked for Tyson Foods on an assembly line lifting

bags of chicken into boxes and then lifting the boxes onto a set

of rollers.  She performed these duties on a rotating basis from

the end of August, 1993, to the middle of October, 1993, when she

was left at that position all day every day.  Gladwell developed

            [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

pain, numbness, and swelling in her wrists. On October 19, she was diagnosed with acute carpal tunnel syndrome, resulting from the repetitive work on the poultry line. The employer concedes that credible evidence exists to support the commission's conclusion that Gladwell's carpal tunnel syndrome was caused by her employment. Tyson only questions whether the disorder is a disease under the occupational disease provisions of the Virginia Workers' Compensation Act.

We recently held in Perdue Farms, Inc. v. McCutchan, 21 Va. App. 65, 69, 461 S.E.2d 431, 433 (1995), that the general medical definition of carpal tunnel syndrome places it within the definition of disease set forth in Piedmont Mfg. Co. v. East, 17 Va. App. 499, 503, 438 S.E.2d 769, 772 (1993). Similar to facts of the Perdue case, Gladwell's condition did not present as an obvious, sudden, mechanical or structural change in her body. Based upon our holding in Perdue, we conclude that credible evidence supports the commission's finding that Gladwell's carpal tunnel syndrome is a condition characterized as a "disease" within the meaning of the Act.

Accordingly, we affirm the commission's decision.

Affirmed.